UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARINA A. PETERSON,

    Plaintiff,

v.                                       Case No. 06-15102

AT&T SERVICES, INC. d/b/a AT&T        Honorable Patrick J. Duggan
SERVICES a foreign corporation and
ALICIA M. SMITH, jointly and severally,

    Defendants.
_____/

# OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 23, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On November 14, 2006, Sarina A. Peterson ("Plaintiff") filed a disability discrimination action against AT&T Services, Inc. and Alicia M. Smith (collectively, "Defendants"). In her complaint, Plaintiff alleges a count of disability discrimination in violation of the Americans With Disabilities Act ("ADA"),[1] a count of disability discrimination in violation of Michigan's Persons With Disabilities Civil Rights Act

---

[1] 42 U.S.C. §§ 12101–300.

("PDCRA"),² and a count for a violation of Michigan's Bullard-Plawicki Employee Right to Know Act.³ Presently before this Court is Defendants' Motion for Summary Judgment, which was filed on May 17, 2007.⁴

Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a

---

²MICH. COMP. LAWS §§ 37.1101–1607.

³MICH. COMP. LAWS §§ 423.501–511.

⁴On June 14, 2007, this Court sent the parties a notice scheduling a hearing on Defendants' motion for July 24, 2007 at 2:00 pm. (Doc. No. 17.) On July 18, 2007, the Court sent a letter informing the parties that this hearing was cancelled.

scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

Defendants contend, based on certain "undisputed" facts, that Plaintiff does not meet the definition of a "qualified individual with a disability" under the ADA, 42 U.S.C.§§ 12102(2), 12111(8), and "disability" under the PWDCRA, MICH. COMP. LAWS § 37.1103(d). Specifically, Defendants argue that prior to February 1, 2007, Plaintiff was under "permanent" medical restrictions, which prevented Plaintiff from "performing the essential functions of her job as a Service Representative." (Dfts.' Mot. ¶ 2.) Defendants further aver that after February 1, 2007, the date Plaintiff's doctor sent a letter removing all medical restrictions, Plaintiff cannot "establish disability discrimination under either the PWDCRA or ADA." (Dfts.' Br. at 17.)

In her response, Plaintiff argues she "has not had suitable opportunity to discover information required to defend Defendants' Motion for Summary Judgment." (Pl.'s Resp. at 5.) To support this assertion, Plaintiff has submitted an Affidavit Detailing Need for Additional Discovery Pursuant to FED. R. CIV. P. 56(f). Plaintiff's attorney, Mr. Robert R. Stearns, is the affiant and states that "[d]iscovery is open until July 31, 2007." (Pl.'s Resp. Ex. 2, Affidavit of Robert R. Stearns ("Stearns Aff.") ¶ 2.) Mr. Stearns further states that "Plaintiff is in need of additional discovery, including the depositions of

3

Alicia Smith, Melissa Sanders, Charr Campbell, Lisa Chappell, Carla Putnam, Virtrina Johnson, and Stephanie Whaley." (Stearns Aff. ¶ 3.) In addition, Mr. Stearns explains that "Plaintiff is in further need of documents in possession of Defendants, including, but not limited to, a copy of the collective bargaining agreement applicable to Plaintiff's position." (*Id.* ¶ 4.) Finally, Mr. Stearns states:

> This discovery is necessary to Plaintiff's prosecution of this case, including the determination of:
>   a. Whether the Plaintiff's withdraw of her request for accommodation was freely and voluntarily given, or the result of illegal threats by Defendants.
>   b. Whether sales quotas and customer contact are, in fact, "essential job functions" of the Service Representation position.
>   c. Whether Plaintiff was [*sic*] suffered an adverse employment action based upon her disability.

(*Id.* ¶ 5.)

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f). Beyond the procedural requirement of filing an affidavit, the Sixth Circuit has interpreted Rule 56(f) to require "that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

4

The affidavit submitted by Plaintiff satisfies the requirements of Rule 56(f). Mr. Stearns's affidavit states that Plaintiff is in need of discovery, specifically the depositions of various individuals and "the collective bargaining agreement applicable to Plaintiff's position." (Stearns Aff. ¶ 4.) Moreover, Mr. Stearns's affidavit describes the facts Plaintiff hopes to discover. (*See id.* ¶ 5.) Finally, Mr. Stearns's affidavit sufficiently states the reason why this information was not previously discovered: the discovery deadline is July 31, 2007. (*Id.* ¶ 2; *see also* Doc. No. 7, 3/27/07 Scheduling Order.)

Besides contending that this "is a typical response by a plaintiff to a Motion for Summary Judgment," (Dfts.' Rep. at 1), Defendants do not contest the statements made in Mr. Stearns's affidavit. Instead, Defendants assert that based on the "undisputed" facts, Plaintiff could not perform essential job functions. Whether certain facts are undisputed and whether Plaintiff will be able to discover facts sufficient to establish a genuine issue of fact with respect to her ability to perform essential job functions is a question this Court can consider after the necessary discovery is obtained.

Consequently, the Court will allow Plaintiff to conduct the necessary discovery until July 31, 2007, the deadline originally set by the Court in its March 27, 2007 Scheduling Order. The Court will also deny Defendants' Motion for Summary Judgment without prejudice, allowing Defendants to refile a motion for summary judgment pending the completion of discovery.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Robert R. Stearns, Esq.
Shawn J. Coppins, Esq.
Albert Calille, Esq.