UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARINA A. PETERSON,
    Plaintiff,
v.                                                  Case No. 06-15102

                                                      Honorable Patrick J. Duggan

AT&T SERVICES, INC. d/b/a AT&T
Services, a foreign corporation, and ALICIA
M. SMITH, jointly and severally,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on_July 8, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Defendants' motion for reconsideration filed June 23, 2008. At a summary judgment hearing, held on June 12, 2008, this Court denied Defendants' motion for summary judgment, finding that there is evidence which, if believed by the jury, could lead the jury to conclude that meeting a sales quota is not an essential function of the sales representative position. In their motion for reconsideration, Defendants argue that this Court erroneously denied its motion for summary judgment based on evidentiary misrepresentations Plaintiff made in her brief in opposition to

summary judgment and at the summary judgment hearing. For the following reasons, this Court denies Defendants' motion for reconsideration.

## Standard for Reconsideration

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can: 1) "demonstrate a palpable defect by which the court and the parties have been misled," and 2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g) (3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## Analysis

Defendants contend that Plaintiff mischaracterized the evidence in order to create a factual issue with respect to whether meeting a sales quota is an essential function of the sales representative position. Upon a review of the record, it is apparent that evidence exists contradicting Defendants' assertion that meeting the sales quota is an essential function of the job. At the summary judgment hearing, Plaintiff identified portions of Alicia Smith's and Carla Putnam's depositions to support her argument that meeting a sales quota is not an essential function of the sales representative position. Smith,

AT&T's Labor Relations Manager for the State of Michigan, testified that the core functions of the service representative position are "sales and service." When asked whether a sales representative who is "off-line" and only performing service, not sales, is performing the core functions of the job, Smith replied, "They're still doing the core function of the job." (Defs.' Recon. Mot. Ex. 8 at 40-41.) Putnam, AT&T's Associate Director of Job Accommodations, testified that she did not "believe that sales quotas [are] listed as an essential function" of the service representative position. (Defs.' Recon. Mot. Ex. 11 at 94.) The fact that there is evidence on the record to support Defendants' position does not negate the factual issue created by Smith and Putnam's statements; rather, it shows that there is conflicting evidence about the essential functions of the sales representative position. This Court, therefore, finds no palpable defect in its previous order.

Accordingly,

**IT IS ORDERED,** that Defendants' motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robert Stearns
Shawn Coppins
Albert Calillie
John Boyda